UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA FLOYD,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CV 04-9433 RNB

ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

Now pending before the Court and ready for decision is the motion of plaintiff's counsel, Young Cho of the Law Offices of Lawrence D. Rohlfing, for attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $12,500.00, subject to an offset for the $5,089.00 in EAJA fees previously paid.

On August 25, 2008, the Commissioner filed a response to plaintiff's counsel's motion.[1] Since the Commissioner was not a party to the agreement between counsel and plaintiff, the Commissioner advised that he was not in a position to either assent or object to the § 406(b) fees that plaintiff's counsel was seeking. However, to assist the Court in its determination, the Commissioner did provide an analysis of the fee

---

[1]          Plaintiff failed to file a response to the fee motion, despite being afforded the opportunity to do so.

1

1   request.    On September 4, 2008, plaintiff's counsel filed a reply to the
2   Commissioner's response.

3   42 U.S.C. § 406(b) provides in pertinent part:

4   "Whenever a court renders a judgment favorable to a claimant
5   under this subchapter who was represented before the court by an
6   attorney, the court may determine and allow as part of its judgment a
7   reasonable fee for such representation, not in excess of 25 percent of the
8   total of the past-due benefits to which the claimant is entitled by reason
9   of such judgment."

10

11  In Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996
12  (2002), the Supreme Court resolved a division among the Circuits on the appropriate
13  method of calculating fees under § 406(b).  Rejecting the "lodestar method" which
14  several of the Circuits (including the Ninth Circuit) had been applying, the Supreme
15  Court held:

16  "§ 406(b) does not displace contingent-fee agreements as the primary
17  means by which fees are set for successfully representing Social
18  Security benefits claimants in court.  Rather, § 406(b) calls for court
19  review of such arrangements as an independent check, to assure that
20  they yield reasonable results in particular cases.  Congress has provided
21  one boundary line: Agreements are unenforceable to the extent that they
22  provide for fees exceeding 25 percent of the past-due benefits. . . .
23  **Within the 25 percent boundary, . . . the attorney for the successful**
24  **claimant must show that the fee sought is reasonable for the**
25  **services rendered.**"  Id. at 807 (emphasis added).[2]

26

27  ───────────────
28  [2]    Thus, Gisbrecht makes absolutely clear that the burden of showing that
(continued...)

2

In determining whether the $12,500.00 gross fee award sought by plaintiff's counsel is reasonable for the services rendered, the Court has considered the following.

1.    Under the terms of the contingent fee agreement between plaintiff and plaintiff's counsel, plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded.  Plaintiff agreed to the 25% contingency.  The Court has no basis for finding that there was any fraud or overreaching by plaintiff's counsel in the making of the contingent fee agreement with plaintiff.

2.    Plaintiff's counsel has calculated that 25% of the back benefits awarded here amounts to $19,515.50 and the Commissioner has acknowledged that this calculation appears to be correct.  Thus, the gross award sought by plaintiff's counsel does not exceed the fees to which plaintiff's counsel would be contractually entitled under the terms of his contingent fee agreement with plaintiff and does not exceed the 25% "boundary."[3]

---

[2](...continued)
the § 406(b) fee sought is reasonable for the services rendered rests with plaintiff's counsel.  Accordingly, the Court finds that plaintiff's counsel's reliance on the Ninth Circuit's recent decision in a civil rights case, Moreno v. City of Sacramento, 534 F.3d 1106 (9th Cir. 2008), for the proposition that "[i]f the Commissioner cannot articulate a legitimate reason for reducing the fee in its role as the trustee with the attendant fiduciary responsibilities that flow from that newly acquired position, the court should apply Moreno" and grant the award in full with no more than a 10% discretionary "haircut" (see Reply at 3-4) to be completely misplaced.  **Indeed, the Court considers this argument to be a borderline violation of Fed. R. Civ. P. 11(b)(2) and forewarns plaintiff's counsel not to make it again.**

[3]    The Ninth Circuit recently held in Clark v. Astrue, 529 F.3d 1211 (9th Cir. 2008) that § 406(b) limits only the amount of fees awarded under § 406(b) and

(continued...)

3.     The high quality of the representation provided by plaintiff's counsel is evidenced by the fact that, following administrative denials, an adverse ALJ decision and the denial of review by the Appeals Council, plaintiff's counsel succeeded in convincing the Court that the ALJ had erred and that a remand for further administrative proceedings was warranted.  Ultimately, plaintiff received an award of over $78,000 in back benefits.

4.     This is not an instance where, due to excessive delay attributable to plaintiff's counsel, the back benefits accumulated during the pendency of the case in court.[4]

5.     In Gisbrecht, the Supreme Court expressly recognized that, as an aid to the district court's assessment of the reasonableness of the fee yielded by the fee agreement, the district court could require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.  See Gisbrecht, 535 U.S. at 808. Here, plaintiff's counsel is seeking compensation for 27.05 hours of attorney time and 3.5 hours of paralegal time that were rendered in connection with plaintiff's representation before the Court during the period from November 2004 through December 2005 (hereinafter the "relevant period").  Plaintiff's counsel maintains, however, that he is unable to provide a statement of his "normal hourly billing charge for

---

[3](...continued)
not the combined fees awarded under both § 406(a) and § 406(b).

[4]     The Court notes that one extension of the briefing schedule was granted in this case at the request of plaintiff's counsel, due to his admitted "oversight." However, that extension of time was for less than 60 days.

4

noncontingent-fee cases" because (a) the vast majority of the work done by the lawyers in his office is on a contingency fee basis, (b) any work done on an hourly basis is de minimis to the overall practice, and (c) no member of his firm has an "hourly rate."   Accordingly, plaintiff's counsel instead has provided economic data, which reflects that the average hourly rate as of January 1, 2000 for an associate in a California law firm was $171; that the upper quartile rate was $193; and that the ninth decile (i.e., upper 10%) rate was $250.[5] For paralegals, the corresponding rates were $86, $100, and $120.  The Court also takes judicial notice of data from the U.S. Department of Labor, Bureau of Labor Statistics (copy attached) that evidences a dramatic increase in the cost of legal services since January 1, 2000.[6]  The Court finds that this data justifies a 27% adjustment of the January 1, 2000 rates due to inflation for the services rendered in the instant case.[7]

6.   Based on the Court's assessment of the nature and quality of the representation provided by plaintiff's counsel in this case, and the Court's general familiarity with the experience, skills, expertise, and reputation of plaintiff's counsel's law firm relative to other

_____

[5]   Although the Commissioner has provided the Court with a copy of an unpublished Central District decision in which the Magistrate Judge questioned the reliability of such surveys, this Court finds such surveys helpful to the Court's determination of the reasonableness of a fee request in instances like this when plaintiff's counsel maintains that he does not have a regular hourly rate.

[6]   Although plaintiff's counsel purported to provide such data in Exhibit 9 to his declaration, the data he provided was the Consumer Price Index ("CPI") for all items, not the CPI for legal services.

[7]   The Court derived the 27% adjustment factor by comparing the index figure of 191.0 for November 2004 (the month during which plaintiff's counsel's services were engaged) to the index figure of 168.8 for January, 2000.

5

1  practitioners, the Court finds that it would not be unreasonable for a law
2  firm having the same degree of experience, expertise and reputation in
3  the legal community as plaintiff's counsel's law firm to have normal
4  hourly billing charges in the ninth decile range.  If computed at the ninth
5  decile rates, the 27.05 hours of attorney time plus 3.5 hours of paralegal
6  time correspond to total fees of $9,122 (rounded off).

7          7.    Utilizing that figure, the $12,500.00 in gross fees sought
8  by plaintiff's counsel includes an enhancement of $3,378, which
9  represents approximately 37% of the $9,122 figure, for the risk of
10  nonpayment and the delay in payment (i.e., the "contingency factor").
11  Although the Court does not find plaintiff's counsel's analysis of the
12  enhancement issue to be persuasive,[8] the Court nevertheless finds that

14          [8]    For example, the Court is unable to reconcile plaintiff's counsel's
15  assertion that "it is error to assess fees and demand proof of an hourly rate of fees as
16  a basis for calculating" a reasonable attorney fee with the observation in the Gisbrecht
17  majority opinion that, in conducting the reasonableness determination, district courts
    "...may require the claimant's attorney to submit, not as a basis for satellite litigation,
18  but as an aid to the court's assessment of the reasonableness of the fee yielded by the
19  fee agreement, a record of the hours spent representing the claimant and a statement
    of the lawyer's normal hourly billing charge for noncontingent-fee cases."  See
20  Gisbrecht, 535 U.S. at 808.  Moreover, as the Commissioner points out, (a) the
21  uncertainty of payment is far more limited in a social security case than in the usual
    case since it depends only upon the outcome of the case and not on the additional
22  question of whether the client will pay the fees due, (b) social security cases are
23  litigated on the record and therefore do not involve time-consuming and costly aspects
24  of litigation such as discovery and trial, (c) a lawyer (such as plaintiff's counsel)
    typically handles such cases in volume and the cases often involve similar legal issues,
25  and (d) plaintiff's counsel has not shown that he incurred a significant risk in taking
26  this particular case on a contingency basis.  A propos to the last point, the Court finds
27  the national data recited by plaintiff's counsel to be totally irrelevant to the
    determination of whether the fee award sought by plaintiff's counsel is reasonable.
28                                                                      (continued...)

6

a 37% enhancement here is not unreasonable given the risk of nonpayment and the delay in the receipt of the remaining fees. This is not an instance where the amount of back benefits is so large in comparison to the amount of time counsel spent on the case that an award of the full amount sought would constitute an unreasonable "windfall" to plaintiff's counsel. <u>See</u> <u>Hayes v. Secretary of Health and Human Services</u>, 923 F.2d 418, 422 (6th Cir. 1990) (holding that award of attorney fees in accordance with 25% contingency agreement for successful social security benefits claimant is not a windfall as long as hypothetical hourly rate determined by dividing number of hours worked by counsel into amount of fee permitted under contract is less than twice the standard rate for such work in the relevant market).

//
//
//
//
//
//
//
//

---

[8](...continued)
The Court also notes that plaintiff's counsel has adduced no evidence that he was precluded from any other employment due to his acceptance of this case; that this case did not entail any unduly short time limitations; and that this is not an instance where plaintiff's counsel experienced any significant delay between the time the services were rendered and the time he initially was compensated with EAJA fees.

7

**CONCLUSION**

Based upon the foregoing considerations, the Court finds and concludes that the $12,500.00 in § 406(b) fees sought by plaintiff's counsel is reasonable for the services rendered, and that no further reduction is warranted.  The motion of plaintiff's counsel for attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $12,500.00 therefore is GRANTED.  In accordance with plaintiff's counsel's request, the Court directs the Commissioner to certify the fee of $12,500.00 payable to counsel, Law Offices of Lawrence D. Rohlfing, and the Court further directs plaintiff's counsel to refund to plaintiff the lesser EAJA fee of $5,089.00.

IT IS SO ORDERED.


DATED: <u>September 5, 2008</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE